# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

#### No. 974
#### SCANDINAVIA BELTING CO. v. McBRIDE
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5881.   Decided Sept., 1925

460.   EQUITY—A party must first exhaust all his legal remedies before resorting to a court of equity.

1085.   SERVICE—Where a foreign corporation is sued for taxes and responds to personal service and participates in the suit, it submits itself to the jurisdiction of the court.

SULLIVAN, J.

The county treasurer, Ralph C. McBride, recovered a personal judgment of $5,000 in the Cleveland Municipal Court from the Belting Co., for delinquent taxes arising from an assessment against the Belting Co. which resulted from an additional amount voluntarily returned by it upon which return a disagreement arose, and under statutory authority, the county auditor added $5000 to the returns of the 1920 amounting to $8750.90.

The Belting Co. prosecuted error, claiming that inasmuch as it is a foreign corporation, non-resident in Ohio, and not complying with the statutes relative to doing business in Ohio, it is contrary to the due process clause under the fourteenth amendment of the Federal Constitution to attempt to secure a personal judgment against it in view of the fact that here is no authority in law to distrain such corporation's property within the county; and which is the only method upon which recovery could be had.   The Court of Appeals held:

1.   The amount assesseed is an evidence of indebtedness against the Belting Compnay.

2.   The record shows that the corporation in response to the summons personally served upon it by McBride, voluntarily made its appearance and trial was had in open court without any disclaimer as to the jurisdiction of the court below, thereby empowering the court to decide upon the issue of fact; to-wit:—was there a valid and existing debt against the corporation having property within the county?

3.   The personal judgment having been rendered under the same statutory procedure as all other personal judgments are rendered, the corporation's claim that there was not due process of law in not maintainable.

4.   Sections 5609, 5610, 5611-1 and 5611-2 .GC. provide a method for relief in such case, but which the corporation ignored.   Having failed to exhaust all its legal remedies, the corporation cannot avail itself of a court of equity.   6th Ohio Appeals 423.

5.   The assessment, if legal, may be satisfied by distress or distraint of the corporation's property found within the county; and if there is insufficient property to satisfy the assessment, a personal judgment will stand if a suit is had and the corporation voluntarily submits to the jurisdiction of the court.

Judgment affirmed.

Attorneys—Squire, Sanders and Dempsey, for Belting Co.; E. C. Stanton, for McBride; all of Cleveland.